Reese, J.
delivered the opinion of the court.
The question raised by the facts in this case is, whether after a judgment has been rendered against principal and surety, and an execution has been issued, the surety is discharged in .equity, if the plaintiff in the judgment and execution direct the officer, in whose hands the process is, to suspend proceedings upon it, and the same be returned as having been stayed by the order of the plaintiff, and this proceeding take place not at the instance of the surety, but of the principal.
The affirmative of this general proposition is not, indeed, insisted on by the complainant’s counsel; but we apprehend its maintenance would be necessary to entitle the complainant to the relief prayed for in the bill. For there is no agreement proved for definite delay; so that the principle cf equitable relief in favor of the- surety, when the principal debtor and the creditor have made such agreement, does not arise in this case, even if such principle applied to.the relation of principal and surety after the rendition of judgment, which may well be doubted; because the aim and scope of the principle itself, namely, the protection and indemnity of the surety, can scarcely exist, when the law, as in our State, gives to the surety, after judgment, such ample and summary remedies for his indemnity against his principal. If the plaintiff issues no process, or causes delay in its execution, or even if hé do not this, the surety may on motion get judgment against his principal, even without paying the money on the judgment in some cases, and *298 in all cases by doing so. But be that as it may, there was no agreement for definite delay, nor any valid and binding agreement whatever; both of which we have invariably held to be necessary to give to the surety an equitable right to be discharged.
The argument, that the surety is entitled to the lien on the property of the principal debtor, created by the issuance of the execution, would, in its results, assert the truth of the general proposition with which we started and maintain that in all cases where an execution is stayed, except at the instance of the surety, such surety is discharged in equity. For the lien claimed, would exist, if at all, in any case.
But if the surety had paid the money on the execution itself, he would be entitled to no such substitution. Because, when a party to a judgment pays it, the judgment ceases to exist, and there is nothing to be substituted to.
This is not contrary to any thing determined in the case of McNairy vs. Eastland, as was maintained by this court in a case determined at the last term of this court, and not yet, perhaps, reported, in which we endeavored to lay down, with some distinctness, several propositions on this subject of lien and substitution, and to define and limit the cases in which they do or do not exist.
Upon the whole, we affirm the Chancellor’s decree.